WILLIAM DURBROW v. HACKENSACK MEADOWS COMPANY AND ARTHUR L. MEYER.

Argued June 8, 1908—Decided November 9, 1908.

1. If a resolution passed at a meeting of the board of directors of a corporation was correctly recorded, then the minutes afford the best evidence as to the contents of the resolution, and none other will be received when the minutes are at hand; if the correctness of the minutes is to be attacked it is necessary first to offer them for that purpose.

2. A resolution of a board of directors of a land company authorizing an agent to execute on behalf of the company agreements for the sale of its property does not empower the agent to make a contract which is not for the sale of property, and is entirely outside of the ordinary course of its business.

3. Where, by the presumption of law, a contract is in the hands of the adverse party, secondary evidence as to its contents will not be received in the absence of any demand upon the adverse party to produce the original.

4. The non-production, under demand, of a contract, the existence of which was denied, will not justify proof of its contents by secondary evidence, without first proving its existence and due execution.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCH-ARD and MINTURN.

For the plaintiff, *Northrop & Griffiths* and *William D. Ed-wards.*

For the defendant the Hackensack Meadows Company, *Collins & Corbin.*

For the defendant Arthur L. Meyer, *Marshall Van Winkle.*

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff in this suit seeks to recover from the defendants, the Hackensack Meadows Company and Arthur L. Meyer, compensation for bringing about an arrangement between the Hackensack Meadows Company and the Federal Contracting Company whereby the latter company filled in land of the meadows company with soil taken from the bottom of the New York bay.  The plaintiff's claim was that he was authorized to make this arrangement, if he could, and was promised compensation by Meyer, on behalf of the meadows company, in case he succeeded.

At the trial at the Hudson Circuit there was no evidence showing any authority on the part of Meyer to bind the company in making this arrangement, nor any other evidence upon which liability could be rested, and a nonsuit was directed by the court.  Whereupon the plaintiff applied to the trial judge for and was allowed a rule to show cause why the judgment of nonsuit should not be set aside and a new trial granted.

The contention in this court is that there was a failure of proof only because the trial judge overruled testimony offered which would have shown authority originally conferred on Meyer to bind the company, or else a ratification of his act.

In order to show such authority in Meyer, the plaintiff first attempted to prove by the witness Elwell that, at a meeting of

the directors of the meadows company, at which the witness was present, although not a director, a resolution was passed appointing Meyer general manager with power to bind the company. This testimony was properly overruled as not the best evidence. If the resolution was correctly recorded, then the minutes afforded the best evidence as to its contents, and none other was competent in view of the fact that the minutes were at hand. If the correctness of the minutes was to be attacked it was necessary first to offer them for that purpose. *Van Hook* v. *Somerville Manufacturing Co.,* 1 *Halst. Ch.* 137; 26 *Am. & Eng. Encycl. L.* (*2d ed.*) 1005.

For the same purpose the plaintiff also attempted to prove by the same witness the adoption by the directors of the company of a resolution authorizing Meyer to execute on behalf of the company agreements for the sale of its property. We incline to think that this testimony was in a like position and therefore also was properly overruled for the reasons already indicated, but, however that may be, the resolution contained no authority to Meyer to make the contract in question, which was not for the sale of property, and was outside of the ordinary course of the business of the company. 10 *Cyc.* 924.

The plaintiff next offered to prove, by the witness Elwell, the terms and provisions of a contract alleged to have been made in writing between the meadows company and Meyer "relative to the compensation that he was to receive, and the duties he was to perform, as general manager of the company." This testimony was properly excluded for two reasons—*First,* the writing, if it existed, and had been duly executed, was presumed to have been in the hands of either one or the other of the defendants. The plaintiff by the rule of law was required to make his proof of the contract by the highest evidence which, under the circumstances of the case, the law presumed to be, or ought to be, in his power. He called on the meadows company to produce it. They denied having any such contract, and, in effect, denied its existence. He should then have called upon the defendant Meyer to produce it. This he did not do. Until that was done secondary evidence of the contents of the paper was inadmissible. *Den* v.

*M'Allister*, 2 *Halst.* 46. *Secondly,* the offer was made without previous proof of the existence and due execution of the contract. The non-production, under demand, of a contract, the existence of which was denied, will not justify proof of its contents by secondary evidence, without first proving its existence and due execution.   17 *Cyc.* 536.

For the evident purpose, although not so stated, of proving a ratification by the company of Meyer's alleged agreement with the plaintiff, the latter next attempted to prove by the witness Elwell what action was taken by the board of directors of the meadows company with respect to a "bill from Mr. Durbrow." As hereinbefore remarked, Elwell's testimony was not the best evidence of what occurred at the directors' meeting; that should have been shown by the minutes. It does not appear that the question was asked for the purpose of disproving an entry in the minutes, nor to supply an omission therein. The evidence was therefore properly overruled.

The whole case discloses no evidence upon which a judgment for the plaintiff could have been rested, and hence the nonsuit was properly directed.

Let the rule to show cause be discharged, with costs.